HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE PATRICIA M. CLARK, <br><br> Debtor. <br> ──────────────────── <br> AMERICAN HOME MORTGAGE SERVICING, INC., et al., <br><br> Appellants-Defendants, <br><br> v. <br><br> PATRICIA M. CLARK, <br><br> Plaintiff-Appellee. | BANKR. NO. 09-10649TTG <br><br> ADV. PROC. NO. 09-1254TTG <br><br> CASE NO. C09-1373RAJ <br><br> ORDER ON APPEAL FROM UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON |

**I.  INTRODUCTION**

This matter comes before the court on Defendants' appeal of the Bankruptcy Court's entry of default and its denial of Defendants' motion to set aside that default. Defendants have also filed a motion (Dkt. # 13) for leave of court to entertain this appeal. For the reasons stated below, the court GRANTS the motion to appeal, REVERSES the Bankruptcy Court's entry of default, and remands this action for further proceedings.

**II.  BACKGROUND**

In pursuing her Chapter 13 bankruptcy petition, Patricia Clark filed an adversary proceeding against a collection of entities with purported interests in her home mortgage. She sought declaratory judgment that the entities had no valid legal interest in her home or mortgage. Defendants were among the entities she sued.

ORDER – 1

No one contests that Defendants were properly served in late June 2009. Counsel for Defendants filed a notice of appearance in July 2009, but filed no answer to Ms. Clark's complaint. On August 13, 2009, Ms. Clark filed a notice of her intent to seek entry of default against Defendants on or after August 21. Just after midnight on August 21, Ms. Clark filed a motion for entry of default against Defendants. At about 9:00 a.m. the same day, Defendants filed their answer. That afternoon, the Bankruptcy Court entered default against Defendants.

Defendants moved to set aside the entry of default. The Bankruptcy Court denied that motion on September 28, 2009, after hearing from the parties at oral argument. This appeal followed.

### III.  ANALYSIS

The court begins by determining whether it has jurisdiction over this appeal. 28 U.S.C. § 158(a) gives United States district courts appellate jurisdiction over certain orders from bankruptcy courts. Defendants' notice of appeal did not cite the jurisdictional statute, much less specify which subsection they were invoking. In their opening brief, however, it was apparent that they were invoking 28 U.S.C. § 158(a)(1), which confers appellate jurisdiction over "final judgments, orders, and decrees" of a bankruptcy court.

An order entering default is manifestly not a final judgment, order, or decree. It is merely a preliminary step to obtaining a final judgment – typically a default judgment. Defendants do not argue otherwise, but contend that the order is essentially final because it leaves nothing more to be decided in the Bankruptcy Court. Defendants apparently disagree with themselves on this point, because in January 2010, more than three months after the Bankruptcy Court declined to set aside the default, they filed a motion in the Bankruptcy Court to vacate their January trial date. Ms. Clark did not oppose the motion, and the Bankruptcy Court granted it. Thus, not only do Defendants admit that there is more to be decided in Bankruptcy Court, Ms. Clark and the Bankruptcy Court itself

ORDER – 2

apparently believe so as well.  Were it otherwise, the court assumes that Ms. Clark would have moved for entry of default judgment.  In any event, the Bankruptcy Court has entered no final order within the purview of 28 U.S.C. § 128(a)(1), Defendants offer no reason to believe otherwise, and their failure to disclose to this court that they had acted to prevent final relief in Bankruptcy Court is a curious omission, to say the least.

Ms. Clark noted that the Bankruptcy Court had entered no final order, citing precedent that, in this court's view, disposes of the issue.  *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009).  In *Symantec*, the court concluded that orders entering default and declining to set aside a default were not final judgments, and thus not appealable.  *Id.* (dismissing appeal for lack of subject matter jurisdiction).

While clinging to its insistence that the entry of default was a final order, Defendants began to sing a new tune.  If the Bankruptcy Court's orders were not final, perhaps they were interlocutory orders that could be appealed with leave of court.  *See* 28 U.S.C. § 128(a)(3) (granting appellate jurisdiction, "with leave of the court, from other interlocutory orders and decrees").  They made this argument for the first time in their reply brief, and at the same time filed a motion for leave to appeal.  The court entered an order permitting Ms. Clark to offer her response to Defendants' new arguments.  Dkt. # 15 (Mar. 15, 2010 order).

The Federal Rules of Bankruptcy Procedure proscribe the mechanism for seeking leave to appeal.  Fed. R. Bankr. P. 8003.  Defendants did not follow that procedure, as Ms. Clark points out.  Nonetheless, the Bankruptcy Rules permit a district court to consider an otherwise improper interlocutory appeal as a motion for leave to appeal.  Fed. R. Bankr. P. 8002(d), 8003(c)-(d).

The first question before the court, then, is whether it should grant leave to appeal.  28 U.S.C. § 1292(b) provides the standard governing this question.  *In re Burke*, 95 B.R. 716, 717 (B.A.P. 9th Cir. 1989).  The court may grant leave to appeal when it is "of the opinion that [an interlocutory] order involves a controlling question of law as to which

ORDER – 3

there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of [the] litigation." 28 U.S.C. § 1292(b). In considering that standard, the court notes that it is tailored to the consideration of interlocutory appeals from district courts. It permits a district court judge who has just made a decision on a question of law "as to which there is a substantial ground for difference of opinion" to acknowledge as much and present the question to the court of appeals for determination where doing so would "materially advance" the termination of the litigation. Bankruptcy procedure, by contrast, gives the Bankruptcy Court no formal opportunity to offer its views on the advisability of an interlocutory appeal. Nonetheless, the Bankruptcy Court's decision to vacate the trial date in response to Defendants' unopposed motion suggests that Defendants, Ms. Clark, and the Bankruptcy Court all took the view that it was better to resolve Defendants' challenge to the entry of default before resolving whatever remained of the adversary proceeding. The court grants leave to appeal, in large part because this interlocutory appeal has already delayed the resolution of the adversary proceeding by more than half a year, and a remand with instructions to bring the adversary proceeding to final judgment would only further delay the proceeding.

Turning to the merits of the appeal, the court concludes that a bankruptcy court, like a district court, has no authority to enter default after a defendant has filed an answer. Bankruptcy courts follow the Federal Rules of Civil Procedure with respect to the entry of default and default judgment. Fed. R. Bankr. P. 7055. Fed. R. Civ. P. 55(a) governs the entry of default, and permits the entry of default only when a party "has failed to plead or otherwise defend." Here, Defendants filed their answer before the entry of default. Their answer was untimely, to be sure, but Fed. R. Civ. P. 55(a) does not require a timely answer. Indeed, Rule 55(a) previously required the party alleged to be in default to "plead or otherwise defend *as provided by these rules*," Fed. R. Civ. P. 55(a) (1987) (emphasis added), but was amended in 2007 to delete the language the court has

ORDER – 4

italicized.  The Advisory Committee's notes to the amendment reveal that the change was intended to permit a party to avoid default by taking any act that "show[s] an intent to defend," even if that act was not authorized by a specific rule.  Defendants' untimely answer violates Fed. R. Civ. P. 12(a), but nonetheless is "plead[ing] or otherwise defend[ing]," and is sufficient in this court's view to bar the entry of default.  Any other construction of Rule 55(a) would not honor the "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1476 (9th Cir. 1986).

The Bankruptcy Court declined to set aside the entry of default, a decision that is committed to its discretion.  *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).  Several factors guide that discretion, *id.*, but those factors presume that default was properly entered in the first place.  The court holds today the law does not permit an entry of default against a defendant who has answered.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion (Dkt. # 13) for leave to appeal, REVERSES the Bankruptcy Court, and remands this action to the Bankruptcy Court to set aside the entry of default against Defendants and conduct further proceedings not inconsistent with this order.  Nothing in this order shall be construed to prevent the Bankruptcy Court from imposing appropriate sanctions on Defendants for their untimely answer or the protracted proceedings that followed from their untimely answer.

DATED this 28th day of June, 2010.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5